**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HOWARD WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1308-CR-384 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1205-CM-31790

**April 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Howard Wilson appeals his conviction of class A misdemeanor Battery,[1] arguing that the State presented insufficient evidence to rebut his claim of self-defense.

We affirm.

On May 12, 2012, Raelyna Harden went to visit her mother at her Indianapolis apartment. As she pulled into the parking lot, her car stopped running. Harden left the car in the parking lot and went inside to visit with her mother for several hours. When Harden's sister, Theresa, who lived in the same apartment complex, came home, Harden's mother went to her apartment to ask if Theresa's boyfriend, Wilson, would come charge the battery in Harden's car. Wilson refused at first, but finally agreed to help.

Wilson drove Theresa's car to where Harden's car was parked and hooked up jumper cables to charge the battery. While the battery was charging, Harden and Wilson argued about family matters. The argument escalated, and at one point Harden walked away and went up to her sister's apartment to ask her a question. Wilson and Harden's mother followed her. Harden knocked on the door, but Theresa did not answer. Harden then walked away toward her mother's apartment, and Wilson told her he would kill her if she ever knocked on Theresa's door again. Harden and her mother began walking toward the parking lot, and Wilson followed them and continued to argue with Harden. Wilson had started to walk away when Harden called him a "drunk effing bum." *Transcript* at 38. Wilson then turned around, and Harden immediately turned her back and began to walk away. Wilson

[1] Ind. Code Ann. § 35-42-2-1 (West, Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through May 1, 2014).

came up behind Harden and struck her on the side of her face and mouth, knocking her to the ground and causing her severe pain. The blow caused Harden's gums to split open and bleed profusely and her lips to swell and bruise. Wilson then ran to the parking lot, removed the jumper cables from the vehicles, and fled in Theresa's car. After her mother helped her to her feet, Harden called 911.

As a result of these events, Wilson was charged with class A misdemeanor battery. A jury trial was held on June 20, 2013, and Wilson was found guilty as charged. Wilson now appeals.

On appeal, Wilson argues that the State presented insufficient evidence to rebut his self-defense claim. The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wallace v. State,* 725 N.E.2d 837 (Ind. 2000). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the judgment will not be disturbed. *Id.* "A valid claim of self-defense is legal justification for an otherwise criminal act." *Id.* at 840.

To prevail on a self-defense claim, Wilson must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson v. State*, 770 N.E.2d 799 (Ind. 2002); *see also* I.C. § 35-41-3-2 (West, Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through May 1, 2014). When a self-defense claim is raised and finds support in the evidence, the State

3

bears the burden of negating at least one of the necessary elements. *Wilson v. State,* 770 N.E.2d 799. The State may meet its burden by offering evidence directly rebutting the defense, by affirmatively showing that the defendant did not act in self-defense, or by relying upon the sufficiency of the evidence from its case-in-chief. *Miller v. State*, 720 N.E.2d 696 (Ind. 1999). If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Wilson v. State*, 770 N.E.2d 799.

Wilson's argument on appeal is nothing more than a request to reweigh the evidence and credit his testimony over that of Harden and her mother. Harden testified that Wilson struck her in the face as she was walking away from him, causing severe pain and bleeding. Harden's mother also testified that Wilson struck Harden and that "it just came out of nowhere." *Trancript* at 80. This evidence was sufficient to support a conclusion that Wilson was the sole aggressor and had no fear of death or bodily harm. The State presented sufficient evidence to rebut Wilson's claim of self-defense.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.