Carlos **WALLACE**, Appellant–
Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 45S00–9808–CR–426.

Supreme Court of Indiana.

March 23, 2000.

Jeff Schlesinger, Appellate Public Defender, Crown Point, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

RUCKER, Justice

A jury convicted Carlos Wallace of murder and attempted murder. The trial court sentenced him to concurrent presumptive terms of fifty-five years and thirty years respectively. In this direct appeal, Wallace raises three issues for our review which we rephrase as: (1) did the trial court err by admitting post-mortem photographs of the murder victim, (2) was the evidence sufficient to negate Wallace's claim of self-defense, and (3) did the trial court properly sentence Wallace.

We affirm.

The facts most favorable to the verdict show that on December 19, 1996, Wallace paged his long-time acquaintance Joe Jones and asked for a ride to the bus station. Wallace asserted that he was traveling to Minnesota to visit his mother. Jones agreed and drove to Wallace's residence accompanied by another person, Larry Magee. Wallace entered the car and sat in the back seat. Jones drove and Magee rode in the front passenger seat. Wallace informed Jones that before going to the bus station he wanted to make a stop in order to obtain needed cash. He then directed Jones to park the car near a house a few streets away from Wallace's residence. Rather than park where instructed, Jones parked under a streetlight. After demanding that Jones move the car away from the light, Wallace produced a .22 caliber handgun and began firing. Magee was struck in the eye and shoulder and died as a result of the wound to his head. Jones survived shots to his shoulder, hand, and face. Wallace was ultimately arrested and charged with the murder of Magee and the attempted murder of Jones.

At trial, Wallace testified on his own behalf and admitted to the shooting, but claimed he acted in self-defense. According to Wallace, he sold drugs for Jones and owed him money. Wallace testified that after he entered the car, Jones threatened to harm him if he did not pay the money. Wallace claimed that Magee then reached for him, at which point Wallace produced a handgun and began firing wildly. The jury convicted Wallace as charged. This appeal followed.

## I.

Wallace first contends the trial court erred when it admitted into evidence two post-mortem photographs taken of the victim. One photograph shows the victim's face with surgical tubes extending from the victim's nose and mouth. The other photograph is similar to the first, but the tubes are removed. Both photographs reveal a gunshot wound to the victim's eye and what appear to be powder burns to the victim's face. Describing the photographs as gruesome, Wallace argues their relevancy was outweighed by their prejudicial impact upon the jury.

■ We review the trial court's admission of photographic evidence for an abuse of discretion. *Byers v. State,* 709 N.E.2d 1024, 1028 (Ind.1999). Photographs that depict a victim's injuries are generally relevant and thus admissible. *Harrison v. State,* 699 N.E.2d 645, 648 (Ind.1998). The relevancy requirement also can be met if the photographs demonstrate or illustrate a witness's testimony. *Id.* However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." Ind. Evidence Rule 403.

■ The two photographs here were admitted into evidence after the pathologist had explained the nature of the victim's injury, namely a gunshot wound to the left eyelid. The State then drew the pathologist's attention to "puck marking" around the wound, which the pathologist characterized as "stippling." R. at 136. According to the pathologist, a gun fired at close range caused the stippling. Because the photographs illustrated the witness's testimony, the relevancy requirement for their admission was properly met.

■ As for alleged prejudicial impact, we do not agree the photographs are particularly gruesome. Indeed, because the photographs were taken before the pathologist actually began his internal examination, they show no incisions and do not portray the gruesome spectacle this court has previously condemned. *See, e.g., Kiefer v. State,* 239 Ind. 103, 111, 153 N.E.2d 899, 902 (1958) (deeming photographs so "gruesome and shocking" as to be inadmissible). It is true that photographs of a deceased victim during and after an autopsy is performed may be held inadmissible on grounds that they serve no purpose other than to arouse the emotions of the jury. *Loy v. State,* 436 N.E.2d 1125, 1128 (Ind.1982). However, this Court has found photographs showing the deceased victim before the pathologist has made incisions to be admissible even when they are gruesome or gory. *Id.* That is so because such photographs allow the jury to see the wounds or trauma inflicted upon the victim, and they are often accompanied by the testimony of the pathologist about the cause of death. *Id.* Here, the pathologist testified about the cause of death and the stippling surrounding the fatal wound. The photographs allowed the jury to see the wound and to place the pathologist's testimony in context. The probative value of these photographs outweighs any prejudicial impact. The trial court did not err by allowing the photographs into evidence.[1]

---

1. We observe that although neither photograph was particularly gruesome, the photograph showing surgical tubes extending from the victim's nose and mouth was cumulative. However, relevant evidence need not be excluded simply because it is cumulative. *McCord v. State,* 622 N.E.2d 504, 512 (Ind.

## II.

■ Wallace next contends the State failed to negate his claim of self-defense. Pointing to his own testimony in support, Wallace alleges he fired his weapon out of fear of death or great bodily harm. A valid claim of self-defense is legal justification for an otherwise criminal act. *Birdsong v. State*, 685 N.E.2d 42, 45 (Ind.1997). When a defendant raises the claim of self-defense, he is required to show three facts: 1) he was in a place where he had a right to be; 2) he acted without fault; and 3) he had a reasonable fear of death or great bodily harm. *McEwen v. State*, 695 N.E.2d 79, 90 (Ind.1998). The issue on appellate review is typically whether the State presented sufficient evidence to support a finding that at least one of the elements of the defendant's self-defense claim was negated. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Sanders v. State*, 704 N.E.2d 119, 123 (Ind.1999). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

■ Jones was the State's key witness and provided most of the evidence against Wallace. In turn, the only evidence supporting a self-defense claim was Wallace's own testimony. The trial court gave the jury a self-defense instruction, and it convicted Wallace nonetheless. Obviously, the jury rejected Wallace's testimony, which it had the right to do. Wallace essentially invites this court to reweigh the evidence. We decline. The State presented sufficient evidence to negate Wallace's claim of self-defense.

## III.

■ For his final contention, Wallace complains the trial court did not consider a significant mitigating factor, namely, that he acted out of fear of great bodily harm. A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind.1999). Here, the trial court listed the following mitigating factors: Wallace's youthful age; no prior history of criminal convictions; Wallace was the product of a dysfunctional family; and Wallace expressed remorse for his actions. The jury's rejection of Wallace's self-defense claim demonstrates that his assertion that he acted out of fear is not clearly supported by the record. *See, e.g., Shields v. State*, 699 N.E.2d 636, 640 (Ind. 1998) ("[T]he mitigation claim that the victim induced the crime was not clearly supported by the record, as the jury rejected the defendant's claims of self-defense and sudden heat, instead finding that he knowingly killed the victim."). We conclude the trial considered all significant mitigating factors and did not err in sentencing Wallace.

Judgment affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

1993). Further, Wallace does raise this point as an issue on appeal.