**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 26 2012, 9:30 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GILBERT BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CR-254 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William Nelson, Judge
Cause No. 49F07-1007-CM-55658

**October 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Gilbert Brown was convicted of two counts of Battery,[1] both as class A misdemeanors. Brown appeals and argues that the State presented insufficient evidence to rebut his claim of self-defense. We affirm.

On the evening of May 18, 2010, Darrell Heady, Jr., Sherry Jolliffe, Eric Wade, and Mark Rawls, all employees of Marshall Investigations, were working together to repossess Brown's car for lack of payment. The vehicle was parked on a well-lit public street just outside a Volunteers of America center where Brown was employed. As the group was verifying the vehicle's VIN number and preparing to tow it, Brown emerged from the building and asked what they were doing. Heady identified himself and told Brown that his car was being repossessed for nonpayment. Heady showed Brown his badge and identification and attempted to present Brown with a lienholder affidavit for possession. Defendant knocked the documents out of Heady's hand and pushed him. Brown then lunged toward Jolliffe, grabbed her chest, and pushed her. When Heady got in between Brown and Jolliffe, Brown struck Heady numerous times in his chest. Brown also struck Heady in the side of his face, knocking off and breaking his glasses. When Heady raised his arm to protect himself, Brown grabbed his arm and flung it away, injuring Heady's shoulder. Brown finally retreated into the building after Wade sprayed him with mace. As a result of the altercation, Heady suffered bruising on his chest and side, pain in his neck, and an injury to his rotator cuff. Jolliffe sustained a scratch on her chest and a bump on her hip where she was pushed against the car.

---

[1] Ind. Code Ann. § 35-42-2-1 (West, Westlaw current with all 2012 legislation).

As a result of these events, the State charged Brown with two counts of class A misdemeanor battery. A bench trial was held on March 5, 2012, and Brown was found guilty as charged. Brown now appeals.

Brown's sole argument on appeal is that the State presented insufficient evidence to rebut his claim of self-defense. The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wallace v. State,* 725 N.E.2d 837 (Ind. 2000). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the judgment will not be disturbed. *Id.* "A valid claim of self-defense is legal justification for an otherwise criminal act." *Id.* at 840.

To prevail on a self-defense claim, Brown must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson v. State*, 770 N.E.2d 799 (Ind. 2002); *see also* I.C. § 35-41-3-2 (West, Westlaw current with all 2012 legislation). When a self-defense claim is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Wilson v. State,* 770 N.E.2d 799. The State may meet its burden by offering evidence directly rebutting the defense, by affirmatively showing that the defendant did not act in self- defense, or by simply relying upon the sufficiency of the evidence from its case-in-chief. *Miller v. State*, 720 N.E.2d 696 (Ind. 1999). If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable

doubt. *Wilson v. State*, 770 N.E.2d 799.

In arguing that the State did not adequately rebut his claim of self-defense, Brown relies upon his own self-serving testimony. Specifically, Brown contends that when he came out of the building to investigate what was happening to his car, he was grabbed from behind and only came into contact with Heady as he struggled to break free. Brown's version of the events is in direct conflict with Heady's and Jolliffe's testimony that Brown was the aggressor in the incident. Heady testified that when he showed Brown his identification and attempted to present him with a lienholder affidavit for possession, Brown knocked the documents out of his hand and pushed him, and then lunged toward Jolliffe. When Heady got between Brown and Jolliffe, Brown repeatedly struck Heady, breaking his glasses and causing bruising to his chest and side and injury to his shoulder. Brown retreated only after Wade sprayed him with mace. Additionally, Jolliffe testified that as Heady was attempting to explain the situation to Brown, Brown came toward her, grabbed her chest, and tried to push her away from the car. This evidence was sufficient to support Browns convictions and to rebut his claim of self-defense. Brown's argument to the contrary is simply a request for this court to reweigh the evidence and credit his testimony rather than that of Heady and Jolliffe, which we will not do on appeal.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.