**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 19 2013, 6:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESUS MONDRAGON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1212-CR-635 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Dan Moore, Judge Pro Tempore
Cause No. 49G17-1210-CM-74008

**July 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Jesus Mondragon ("Mondragon") appeals his conviction of domestic battery, a Class A misdemeanor.[1]

We affirm.

ISSUE

Whether the State presented sufficient evidence to rebut Mondragon's self-defense claim.

FACTS AND PROCEDURAL HISTORY

In October 2012, Mondragon and Sarah Cervantes ("Cervantes") lived together with their daughter in an apartment rented by Cervantes. On October 26, 2013, Mondragon drove Cervantes' Jeep as he took Cervantes and their daughter to the babysitter. Cervantes took their daughter into the babysitter's home and returned to the Jeep. Upon her return, Cervantes saw that Mondragon was smoking a marijuana cigarette. Cervantes told Mondragon not to smoke marijuana in her vehicle. Mondragon became upset, continued to smoke the marijuana, and began screaming at Cervantes and driving at a high rate of speed.

Mondragon lost control of the Jeep, causing the vehicle to "almost flip[]." (Tr. 11). At some point while he was driving, Mondragon smashed and broke the windshield on the driver's side of the jeep. Mondragon screamed at Cervantes, blaming her for the near-accident. He then stopped the Jeep, exited, and began walking away. Cervantes moved to the driver's seat and drove toward Mondragon to pick him up.

---

[1] Ind. Code § 35-42-2-1.3(a).

Mondragon entered the Jeep and again began yelling at Cervantes. He punched her three times in the right arm, which "hurt a lot." (Tr. 14). When she put her hand in his face to stop him, he punched her in the left eye. He then punched her multiple times with a closed fist on her head and arm. When Cervantes moved her hand away, Mondragon continued to punch her. At some point during the encounter, Mondragon broke the windshield on the passenger side of the jeep.

Cervantes drove to her apartment and called the police. Officer Thomas Smith ("Officer Smith") of the Indianapolis Metropolitan Police Department responded to the call and observed that Cervantes was shaking, crying, and had a swollen left eye. Officer Smith arrested Mondragon.

Mondragon was charged with the Class A misdemeanors of domestic battery and battery. After a bench trial, the trial court found him guilty of both charges. The trial court merged the battery conviction into the domestic battery conviction and sentenced Mondragon to 365 days with credit for 35 days served with the remainder of the term suspended to probation.

Mondragon now appeals.

<u>DISCUSSION AND DECISION</u>

Mondragon contends that the State failed to provide sufficient evidence to rebut his self-defense claim. In support of his contention, Mondragon emphasizes that his testimony differed from Cervantes.

3

Our standard of review for sufficiency claims is well settled. In reviewing sufficiency of the evidence claims, this court does not reweigh the evidence or assess the credibility of witnesses. *Davis v. State*, 791 N.E.2d 266, 269 (Ind. Ct. App. 2003), *trans. denied*. Not only must the fact-finder determine whom to believe but also what portions of conflicting testimony to believe. *In re J.L.T.*, 712 N.E.2d 7, 11 (Ind. Ct. App. 1999), *trans. denied*. We consider only the evidence most favorable to the judgment, together with all reasonable inferences drawn therefrom. *Davis*, 791 N.E.2d at 269-70. The conviction will be affirmed if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Id*. at 270. Reversal is appropriate "only when reasonable persons would not be able to form inferences as to each material element of the offense." *Alvies v. State*, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009).

A valid claim of self-defense is legal justification for an otherwise criminal act. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). "A person is justified in using reasonable force against any other person to protect the person or a third person frow what the person reasonably believes to be the imminent use of unlawful force." I.C. § 35-41-3-2(c). A person is not justified in using force if, among other things, (1) the person is committing or is escaping after the commission of a crime; (2) the person provokes unlawful action by another person with intent to cause bodily injury to the other person; or (3) the person has entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to

4

continue unlawful action." I.C. § 35-41-3-2(g). The amount of force that a person may use depends on the urgency of the situation, and the self-defense claim will fail if the person uses "more force than is reasonably necessary under the circumstances." *Harmon v. State*, 849 N.E.2d 726, 730-31 (Ind. Ct. App. 2006). When a person uses more force than is reasonably necessary under the circumstances, the right of self-defense is "extinguished." *Id*. at 731.

To sustain a defendant's conviction, the State must negate at least one of the elements of the self-defense claim. *Wallace*, 725 N.E.2d at 840. The State may meet its burden by rebutting the defense directly, affirmatively showing that the defendant did not act in self-defense, or simply relying upon the sufficiency of the State's evidence in chief. *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), *trans. denied*. Whether the State has met its burden is a question of fact for the factfinder. *Id*. This Court will affirm if there is sufficient evidence of probative value to support the conclusion of the trier of fact. *Wallace*, 725 N.E.2d at 840. If the defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Id*. at 801. We neither reweigh the evidence nor judge the credibility of witnesses. *Id*. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id*.

5

A defendant is guilty of Class A misdemeanor domestic battery if the State proves that the defendant "knowingly or intentionally touches an individual who . . . is or was living as if a spouse of another person . . . or has a child in common with the other person . . . in a rude, insolent, or angry manner that results in bodily injury to the person." Ind. Code § 35-42-2-1.3(a). Here, Cervantes testified that Mondragon became angry and began to cause pain by punching her in the arm, head, and left eye. Officer Smith testified that he observed Cervantes swollen left eye. Also, the State presented photographs of Cervantes' injuries.

The evidence presented through Cervantes' testimony is sufficient to establish that Mondragon was the first aggressor. *See McEwen v. State*, 695 N.E.2d 78, 90 (Ind. 1998) (holding that the defendant's actions as the initial aggressor negated the defendant's self-defense claim). Cervantes' testimony is also sufficient to establish that Mondragon's use of force was occasioned by his anger, not a reasonable fear of bodily harm. Mondragon admitted that he was angry and that Cervantes' only act was to defend herself after Mondragon began hitting her. Mondragon, who the fact-finder reasonably believed was bigger and stronger than Cervantes, could have easily repelled Cervantes. Instead, he initially punched her and continued to do so after she tried to defend herself. The State has clearly demonstrated that Mondragon did not act in self-defense.

Mondragon asked the trial court to reject Cervantes' testimony and believe his testimony that he was defending himself. The trial court credited Cervantes' testimony and did not credit Mondragon's. Mondragon is now asking us to reject Cervantes'

6

testimony and believe that he acted in self-defense.  We reject Mondragon's invitation to reweigh the evidence, and we affirm the conviction.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.