Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 28 2014, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| D.K., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 08A02-1308-JV-734 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CARROLL SUPERIOR COURT
The Honorable Kurtis Fouts, Judge
Cause No. 08D01-1302-JD-6

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Sixteen-year-old D.K. appeals a true finding that he committed an act that would constitute the offense of Battery,[1] a class A misdemeanor, if committed by an adult. D.K. presents the following restated issue for review: Did the State present sufficient evidence to rebut his claim of self-defense?

We affirm.

The facts favorable to the judgment are that on November 21, 2012, fourteen-year-old D.J. was visiting at the house of two of his friends. D.K. and four friends were skateboarding at a church across the street. At some point, D.J. and his friends went out of the house and started shouting at D.K. and his friends, calling them "queers, fags, gay, whatever." *Transcript* at 60. A short time later, D.J. and his friends traveled to a nearby Citgo station to get something to drink. When they reached a corner near the courthouse, D.J. saw D.K. and his friends across the street. D.K. walked up to D.J. and his friends and told them to stop calling them names. D.K. then returned to his friends and they left. D.J. and his friends went to the Citgo station, where D.J. met his girlfriend. D.J. and his girlfriend stayed there, while D.J.'s friends left. A short time later, D.J. and his girlfriend were talking in an alley near the Citgo station, with D.J. straddling his bicycle and his girlfriend sitting nearby on the ground. D.K. and his friends appeared in the alley and approached D.J. and his girlfriend. D.K.'s friends sat and talked with D.J.'s girlfriend while D.K. walked up to D.J. and spoke with him about the previous name-calling incidents. A less-than-friendly discussion ensued, during which D.J. drew back his fist and told D.K. that if D.K. hit him, he would hit D.K. back. At

---

[1] Ind. Code Ann. § 35-42-2-1 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.).

that point, D.K. struck D.J. on the left side of his face, knocking him to the ground and rendering him unconscious. D.K. and his friends then left the scene. D.J. was unconscious for approximately thirty seconds and his nose bled profusely. Subsequent examination revealed that D.J. had suffered a fractured cheekbone on the left side of his face.

As a result of the incident, the State filed a petition alleging that D.K. was a delinquent child because he committed an act that would constitute the offense of battery resulting in serious bodily injury if it were committed by an adult. At the hearing, D.K. admitted striking D.J., but claimed he did so in self-defense. The court entered a true finding of juvenile delinquency and placed D.K. on unsupervised probation for 180 days.

D.K. contends the evidence was insufficient to rebut his claim of self-defense. The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wallace v. State,* 725 N.E.2d 837 (Ind. 2000). As in adult criminal cases, a true finding that a child committed a delinquent act must be based upon proof beyond a reasonable doubt. Ind. Code Ann. § 31–37–14–1 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.). We review sufficiency claims in this context utilizing the same standard employed in challenges to the sufficiency of evidence supporting adult criminal convictions. *See B.K.C. v. State*, 781 N.E.2d 1157 (Ind. Ct. App. 2003). Pursuant to that standard:

> [w]hen reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the

3

defendant was guilty beyond a reasonable doubt. *Id.*

*Bailey v. State,* 907 N.E.2d 1003, 1005 (Ind. 2009).

To prevail on a self-defense claim, D.K. must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson v. State,* 770 N.E.2d 799 (Ind. 2002); *see also* Ind. Code Ann. § 35–41–3–2 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.). When a self-defense claim is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Wilson v. State,* 770 N.E.2d 799. The State may meet its burden by offering evidence directly rebutting the defense by affirmatively showing that the defendant did not act in self-defense, or by simply relying upon the sufficiency of the evidence from its case-in-chief. *Miller v. State,* 720 N.E.2d 696 (Ind. 1999). If a defendant is convicted, or, as in this case, a true finding of juvenile delinquency is entered, despite the claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Wilson v. State,* 770 N.E.2d 799.

This incident was the culmination of a series of confrontations involving D.K. and D.J. The State presented evidence that, with respect to the final confrontation, D.K. walked up to within a foot of D.J. and initiated a discussion of the previous confrontations. According to D.J.'s girlfriend, it was not a friendly conversation. Finally, at some point during the conversation, D.J. "drew his hand back, like he was getting ready to hit" D.K. and "threatened to hit [D.K.] if [D.K.] hit him." *Id.* at 25. D.K. responded immediately by

4

punching D.J. in the face with such force that he knocked D.J. out and broke his cheekbone.

Generally, a self-defense claim is not available to an initial aggressor. *See* I.C. § 35–41–3–2(g)(3) ("a person is not justified in using force if: ... the person ... is the initial aggressor"). Quite apart from the existence or reasonableness of D.K.'s belief that D.J. was preparing to strike him, the evidence consistent with the true finding demonstrated that D.K. initiated the final confrontation with D.J. by seeking him out in the alley, walking to within a foot of D.J. while D.J. was astride his bicycle, and entering into a discussion with D.J. that was less than pleasant. The foregoing evidence supports the conclusion that D.K. provoked the confrontation that led to him striking D.J.

Moreover, in order to establish a claim of self-defense, D.K. was required to establish that he struck D.J. because he reasonably believed it necessary to protect himself from D.J.'s imminent use of unlawful force. *See* I.C. § 35-41-3-2(c). In evaluating D.K.'s claim of self-defense, the juvenile court considered conflicting evidence on this point. D.J.'s girlfriend testified that when D.J. drew his hand back, it was accompanied by a statement that he would hit D.K. if D.K. hit him first. In recounting his version of the incident, D.K. made no mention of the statement D.J.'s girlfriend attributed to D.J. when he drew his hand back. Without this statement, D.K.'s claim of self-defense would be somewhat more compelling. In evaluating the evidence, however, we are constrained by our standard of review to consider only the evidence supporting the judgment, drawing all inferences in favor of the judgment. *See Bailey v. State,* 907 N.E.2d 1003. The evidence consistent with this standard did not establish that D.K. could reasonably have believed that D.J. threatened the imminent

5

use of unlawful force at the time D.K. struck D.J. in the face.

In summary, viewing the evidence consistent with the true finding, we cannot conclude that no reasonable person could say that D.K's claim of self-defense was negated beyond a reasonable doubt. *See Wilson v. State,* 770 N.E.2d 799.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.