**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Oct 27 2014, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

URIAH BOOKER, )
       )
       Appellant-Defendant, )
       )
       vs. )   No. 49A04-1403-CR-103
       )
STATE OF INDIANA, )
       )
       Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
The Honorable Stanley E. Kroh, Magistrate
Cause No. 49G03-1310-FB-65696

**October 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Uriah Booker ("Booker") was convicted of Battery, as a Class C felony.[1] Booker challenges his conviction on the grounds that the State did not present sufficient evidence to rebut his claim of self-defense. We affirm.

**Facts and Procedural History**

On October 5, 2013, Travis Maddox ("Maddox") and several friends boarded a shuttle bus they had chartered to take them from Whiteland, Indiana to downtown Indianapolis to celebrate a friend's birthday. After a night of bar-hopping, Maddox and his friends eventually ended up at the nightclub Ike & Jonesy's, where Booker was working as a bouncer.

As the bar was closing around 3:00 a.m. on October 6, 2013, the group began paying their tabs and moving outside to wait for the bus to pick them up. Maddox and his girlfriend were waiting on the bar's patio and sought shelter from the rain under a patio table umbrella. An Ike & Jonesy's bouncer named Zack approached the two, told them the bar was closing, and closed the umbrella. After Zack moved away, Maddox reopened the umbrella. Zack returned and closed it again. Maddox and Zack then engaged in a verbal altercation. A second bouncer, Thomas Humphries, got involved. The altercation escalated into pushing and shoving between the bar employees and the group of friends.

---

[1] Ind. Code § 35-42-2-1 (2013). Due to substantial revisions to the Indiana Code effective July 1, 2014, battery resulting in serious bodily injury is now a Level 5 felony. Because Booker committed his crime in 2013, we apply in this opinion the versions of the substantive criminal statutes in effect at that time.

During the scuffle, Booker approached Maddox and struck him in the face. The blow rendered Maddox unconscious. Maddox collapsed without breaking his fall, and his head forcefully struck the pavement. As a result, Maddox suffered a fractured skull and concussion and was hospitalized in intensive care for three days.

Booker subsequently was arrested and, on October 9, 2013, was charged with Aggravated Battery, as a Class B felony ("Count I"). On November 5, 2013, the State moved to amend the charging information to include a count of Battery, as a Class C felony ("Count II").

Booker waived his right to a jury trial on December 5, 2013. A bench trial was held on February 7, 2014, at the beginning of which the trial court granted the State's motion to amend the charging information. The State also moved to dismiss Count I, and the court granted the motion.

At the conclusion of the trial, Booker was found guilty of Count II. On February 14, 2014, he was sentenced to four years, with two years suspended and two years executed through community corrections work release.

Booker now appeals.

**Discussion and Decision**

Pursuant to Indiana Code section 35-42-2-1(a)(3), a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner that results in serious bodily injury to the other person commits battery, as a Class C felony. The State charged that Booker "on or about October 6, 2013, did knowingly touch Travis Maddox in a

3

rude, insolent or angry manner, that is: struck Travis Maddox in the head and/or face, resulting in serious bodily injury, that is, unconsciousness and/or a fractured skull, to Travis Maddox[.]" (App. at 47.)

Booker does not challenge whether there was sufficient evidence of battery, but argues that the State did not present sufficient evidence to rebut his self-defense claim. Indiana Code section 35-41-3-2(c) provides that "[a] person is justified in using reasonable force against any other person to protect the person . . . from what the person reasonably believes to be the imminent use of unlawful force." A valid self-defense claim is a legal justification for an otherwise criminal act. Wallace v. State, 725 N.E.2d 837, 840 (Ind. 2000). Where the defendant raises a valid claim of self-defense, he is required to show three facts: 1) he was in a place where he had a right to be; 2) he acted without fault; and 3) he had a reasonable fear of death or great bodily harm. Id.

When a claim of self-defense finds support in the evidence, the State has the burden of negating at least one of the three necessary elements. Wilson v. State, 770 N.E.2d 799, 800 (Ind. 2002). The State may disprove an element by affirmatively showing that the defendant did not act to defend himself or by relying on the evidence elicited in its case-in-chief. Boyer v. State, 883 N.E.2d 158, 162 (Ind. Ct. App. 2008). The State can disprove that a defendant was without fault by establishing that he used more force than was reasonably necessary under the circumstances. Id. (citing Wade v. State, 482 N.E.2d 704, 706 (Ind. 1985)). "The amount of force that an individual may use to protect himself must be proportionate to the

4

urgency of the situation." Pinkston v. State, 821 N.E.2d 830, 842 (Ind. Ct. App. 2004), trans. denied.

If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that the State negated the self-defense claim beyond a reasonable doubt. Wilson, 770 N.E.2d at 800-01. "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim." Wallace, 725 N.E.2d at 840. We do not judge the credibility of witnesses or reweigh evidence. Id. If there is sufficient evidence of probative value to support the trial court's conclusion, the verdict will not be disturbed. Id.

At trial, Booker testified that Maddox approached him during the growing melee outside the bar and that Booker felt threatened. Booker extended his arm to keep Maddox back, but Maddox pushed it down. At that point, Booker struck Maddox in the face with an open palm. He testified that he did not intend to hurt Maddox, but acted in self-defense. However, other witnesses' accounts contradicted this version of events.

The trial court found the testimony of Indianapolis Metropolitan Police Officer Christopher Faulds ("Officer Faulds") was the "most credible." (Tr. at 158.) Officer Faulds, who observed the altercation from nearby, testified that he saw Booker take two steps off the sidewalk into the street to strike Maddox. Officer Faulds did not see Maddox make any physical moves toward Booker. Other witnesses corroborated Officer Faulds's testimony, stating that Booker came "out of nowhere" to hit Maddox and that, prior to the blow, Booker was not engaged in direct physical confrontation with Maddox. (Tr. at 84, 107.) The

5

evidence most favorable to the verdict is that Booker landed an unprovoked blow to Maddox's face, rather than acted in self-defense.

There is also evidence that Booker's use of force was disproportionate to the urgency of the situation. The evidence shows that Booker struck an intoxicated man with enough force to render him unconscious and cause him to fall and fracture his skull. Thus, the evidence was sufficient to support the court's conclusion that the amount of force Booker used was not reasonable.

## Conclusion

The State presented sufficient evidence to rebut Booker's claim that he acted in self-defense.

Affirmed.

NAJAM, J., and PYLE, J., concur.