## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2015, 8:37 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mahouton Dassi,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 7, 2015

Court of Appeals Case No.
49A05-1501-CR-34

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge
The Honorable Marshelle Broadwell, Commissioner

Cause No. 49G17-1410-CM-47551

**Baker, Judge.**

[1] Mahouton Dassi appeals his conviction for Battery Resulting in Bodily Injury,[1] a class A misdemeanor. Finding that the State presented sufficient evidence to negate Dassi's claim of self-defense, we affirm.

## Facts

[2] On October 10, 2014, Dassi began to argue with his wife, Curisa Davis, after she accused him of infidelity and told him that she wanted a divorce. The argument escalated and Davis attempted to leave the apartment with her children. At this point, Dassi grabbed Davis by her purse and pulled her back into the apartment. Davis fell to the floor. Dassi then took Davis's wallet, car keys, and cell phone to prevent her from leaving.

[3] Davis then got up from the floor and ran towards the balcony, but Dassi blocked her path and pushed Davis onto the couch. Dassi put his hands around Davis's neck and began to strangle her. Davis tried to yell for help but she could not breathe and was beginning to lose consciousness. Dassi finally released Davis after she managed to grab his groin. Davis again attempted to flee the apartment, but Dassi blocked her path this time as well.

[4] Davis then grabbed a knife in an attempt to scare Dassi away from her. This was to no avail as Dassi knocked the knife out of Davis's hand and began chasing her around the kitchen. Davis finally managed to exit the apartment

---

[1] Ind. Code § 35-42-2-1.

and run to the apartment of her neighbor, Claire Guzman. Davis's ordeal was not over, however, as Dassi managed to follow her into Guzman's apartment. Once inside, Dassi shoved Davis against the wall. Dassi then took Guzman's cell phone to prevent her from calling the police. Guzman repeatedly told Dassi to leave her apartment and Dassi eventually left, which allowed Guzman the opportunity to call the police.

[5] On October 14, 2014, the State charged Dassi with class A misdemeanor battery. On January 8, 2015, following a bench trial, Dassi was found guilty as charged. The trial court sentenced Dassi to 180 days imprisonment, fully suspended to probation. Dassi now appeals.

## Discussion and Decision

[6] At trial, Dassi claimed that he acted in self-defense. He now argues that the State failed to present sufficient evidence to rebut this claim. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). We will affirm if there is sufficient evidence of probative value to support the trier of fact's conclusion. *Id.*

[7] Self-defense is a legal justification for an otherwise criminal act. *Id.* Indiana Code section 35-41-3-2(c) provides that "[a] person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." When a defendant raises a claim of self-defense, he is required to show:

(1) that he was in a place where he had a right to be; (2) that he acted without fault; and (3) that he had a reasonable fear of death or great bodily harm. *Id.* "When self-defense is raised and finds support in the record, the State has the burden of negating at least one of the necessary elements." *McEwen v. State*, 695 N.E.2d 79, 90 (Ind. 1998).

[8] It is immediately apparent from the facts of this case that the State presented sufficient evidence to rebut Dassi's self-defense claim. Dassi's own recitation of the facts shows that he was the initial aggressor—grabbing Davis by her purse and pulling her to the floor to prevent her from leaving. Appellant's Br. p. 2. An initial aggressor is not justified in using force unless he "withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. § 35-41-3-2(g)(3). The evidence presented here paints no such picture.

[9] At trial, Davis testified that Dassi persistently battered her in a continuing effort to prevent her from leaving the apartment as well as to prevent her from calling the police. Tr. p. 12-24. This evidence clearly shows that Dassi did not act without fault and allows for the reasonable inference that he had no fear of death or great bodily harm. Davis also testified that the battery continued inside Guzman's apartment, showing that Dassi was not in a place where he had a right to be. Tr. p. 23. Consequently, all of the elements that Dassi was required to show to maintain his self-defense claim were sufficiently negated by the State's evidence.

[10]     Dassi also testified at trial and, on appeal, he would prefer that we credit his version of events, which he believes supports his self-defense claim. Appellant's Br. p. 3. However, it was for the trial court to weigh the conflicting evidence and we refuse Dassi's request to reweigh this evidence on appeal.

[11]     The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.