## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 25 2015, 10:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 25, 2015

Court of Appeals Case No.
49A05-1501-CR-38

Appeal from the Superior Court of Marion County, Criminal Division, Room 7

The Honorable Clayton Graham, Judge

Trial Court Cause No.
49G07-1409-CM-45263

**Altice, Judge.**

## Case Summary

[1] Following a bench trial, David Jones was convicted of class A misdemeanor Battery.[1] Jones now appeals, contending that the State presented insufficient evidence to rebut his claim of self-defense.

[2] We affirm.

## Facts & Procedural History

[3] On July 20, 2014, Jones's mother, Audrey Dodd, got into an argument with James Montgomery, her live-in boyfriend, at their home. Dodd stuck her hand in Montgomery's face several times, and each time Montgomery slapped her hand away from his face. The argument eventually ended, and Montgomery went upstairs and went to bed.

[4] Later that night, Jones arrived at the home and spoke to Dodd. When Dodd told Jones about her altercation with Montgomery, Jones went upstairs to confront Montgomery. Montgomery awoke to find Jones standing over him, demanding to know what had happened. Montgomery got out of bed and began getting dressed, at which time Jones came across the bed and began hitting him. Jones then grabbed an unloaded handgun Montgomery kept under his pillow and began striking him with it. As a result of the attack, Montgomery suffered injuries to his right eye and lips. Jones left the scene before the police arrived.

---

[1] Ind. Code § 35-42-2-1.

As a result of these events, the State charged Jones with class A misdemeanor battery. A bench trial was conducted on January 16, 2015, at which Jones asserted that he acted in self-defense. The trial court rejected Jones's self-defense claim and found him guilty as charged. Jones now appeals.

**Discussion**

On appeal, Jones argues that the State presented insufficient evidence to rebut his self-defense claim. The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the judgment will not be disturbed. *Id.* "A valid claim of self-defense is legal justification for an otherwise criminal act." *Id.*

To prevail on a self-defense claim, Jones must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002); *see also* Ind. Code § 35-41-3-2. When a self-defense claim is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Wilson*, 770 N.E.2d at 800. The State may meet its burden by offering evidence directly rebutting the defense, by affirmatively showing that the defendant did not act in self-defense, or by relying upon the sufficiency of the evidence from

its case-in-chief. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 801.

[8] Jones's argument on appeal amounts to a request to reweigh the evidence and credit his testimony over Montgomery's. Montgomery testified that he awoke to find Jones standing over him demanding to know what had happened between Montgomery and Dodd. Montgomery testified further that before he could finish getting dressed, Jones attacked him, beating him first with his fists and then with a handgun. This evidence was sufficient to support a conclusion that Jones was the initial aggressor and had no fear of death or bodily harm. The State therefore presented sufficient evidence to rebut Jones's claim of self-defense.

[9] Judgment affirmed.

[10] Riley, J., and Brown, J., concur.