## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 22 2016, 5:31 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

David Cobb,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 22, 2016

Court of Appeals Case No.
71A03-1506-CR-627

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1407-FC-130

**Bailey, Judge.**

# Case Summary

[1]   David Cobb ("Cobb") appeals his conviction for Battery, as a Class C felony.[1] We affirm.

# Issue

[2]   Cobb presents a sole issue for review: whether the evidence supporting the conviction is insufficient because the State failed to negate Cobb's claim of self-defense.

# Facts and Procedural History

[3]   In June of 2014, Percy and Valarie Doggett were living with Cobb in a South Bend residence. The Doggetts purchased a window air conditioning unit. During the installation process, Percy retrieved a power strip from Cobb's room. When Cobb returned and found the power strip missing, he began pounding on the Doggetts' bedroom door and cursing. Eventually, Cobb stormed out of the house.

[4]   Valarie became concerned that Cobb might take their DVD player and she told Percy to retrieve it from the living room. While Percy was kneeling in front of the television unhooking the DVD player, Cobb came back into the house.

---

[1] Ind. Code § 35-42-2-1.

Cobb punched Percy in the face. Percy fell and Cobb began kicking him. Valarie, who had observed Cobb strike Percy, ran into the bedroom and called 9-1-1.

[5] When police arrived, Percy initially rejected medical attention. However, by the next day he was in severe pain and he went to a hospital. There, it was discovered that Percy had a cracked rib, a collapsed lung, two broken facial bones, and a broken nose. After surgery, Percy spent a few days in the hospital recuperating and missed nearly one month of work.

[6] On July 8, 2014, Cobb was charged with Battery. On April 21, 2015, a jury found Cobb guilty as charged. He was sentenced to six years imprisonment. This appeal ensued.

## Discussion and Decision

[7] Cobb contends that the State's evidence fell short of disproving his claim of self-defense. To support his argument, he points to his own testimony that Percy swung at him first in the living room, that Percy had twice struck him during the dispute over the power strip, and that Percy had struck him a week earlier – claims contradicted by the Doggetts' testimony.

[8] To convict Cobb of Battery, as a Class C felony, as charged, the State was required to show that he knowingly touched Percy in a rude, insolent, or angry manner, resulting in serious bodily injury to Percy. I.C. § 35-42-2-1; App. at 21. When reviewing a claim of insufficiency of the evidence, we do not reweigh the

evidence or judge the credibility of the witnesses, but will consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm the conviction unless no reasonable trier of fact could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[9] A valid claim of self-defense is legal justification for an otherwise criminal act. *Birdsong v. State*, 685 N.E.2d 42, 45 (Ind. 1997). "A person is justified in using reasonable force against another person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c).

[10] When a defendant raises a claim of self-defense, he is required to show three facts: (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of death or great bodily harm. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). The defendant's belief must be reasonable and in good faith and his "reaction to that belief must be reasonable based upon the surrounding circumstances under which the events have occurred." *Geralds v. State*, 647 N.E.2d 369, 373 (Ind. Ct. App. 1995).

[11] Once a defendant claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt for the defendant's claim to fail. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency

of its evidence in chief. *Id.* Whether the State has met its burden is a question of fact for the jury. *Id.* Self-defense is generally unavailable to a defendant who is the initial aggressor. *Id.*

[12] The evidence negating Cobb's claim of self-defense is as follows. Valarie and Percy testified that a verbal disagreement ensued when Cobb discovered the power strip was missing, but they each denied that Percy struck Cobb. Percy testified that he was kneeling when Cobb came up from behind him and struck him. When Percy fell to the ground, he could feel Cobb kicking him. He "blacked out" at some point. (Tr. at 73.) The State presented evidence that Cobb was the initial aggressor and continued to attack Percy even as he lay on the floor. Accordingly, the State presented sufficient evidence from which the jury could conclude that Cobb did not act in self-defense.

[13] Affirmed.

Vaidik, C.J. and Crone, J., concur.