## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 24 2016, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey E. Kimmell
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Richmond,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 24, 2016<br><br>Court of Appeals Case No.<br>71A03-1511-CR-1901<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Jeffrey Sanford,<br>Judge<br><br>Trial Court Cause No.<br>71D03-1404-CM-1626 |

**Altice, Judge.**

## Case Summary

[1] Following a bench trial, Jason Richmond was convicted of class A misdemeanor Domestic Battery. Richmond now appeals, contending that the State presented insufficient evidence to rebut his claim of self-defense.

[2] We affirm.

## Facts & Procedural History

[3] On the evening of April 27, 2014, Richmond and his wife, Andrea, were lying in bed together when Richmond said that he planned to file for divorce the next day. Andrea got up and left the room briefly before returning and telling Richmond that she had been in bed first and that he should sleep on the couch. Richmond refused and called Andrea a number of crude names. In response to one of these insults, Andrea slapped Richmond and told him never to call her that again. Richmond repeated the slur, and Andrea slapped him again. Richmond then grabbed her wrist and climbed on top of her, pinning her to the bed while continuing to call her names. To free herself, Andrea bit Richmond on the chest.

[4] Once she got away from Richmond, Andrea ran to their infant son's bedroom to collect the child and leave. Richmond pursued her and shoved her into a chair in the baby's room. Andrea then grabbed Richmond's testicles and squeezed, which held him off until he hit her in the face. Andrea then got up to leave the room, Richmond pushed her down and forced her arms up to her throat and choked her with her own arms. Andrea told him that she could not breathe and that he needed to stop, and he said he did not care. Richmond told

Andrea to call 911, and she responded that she was trying. She was able to get an arm free and dial 911, and as soon as she did so, Richmond ripped the phone from her hand and spoke to the operator as if he was the one who had placed the call.

[5] Officer Joel Cyrier of the Mishawaka Police Department was dispatched to the scene. When he arrived, Andrea was outside of the house with her infant son, crying and pointing at her facial injuries. Andrea was visibly upset and shaking, and Cyrier noted a "cut with blood" near her eye, "visible marks across her neck," and scratch marks in various places on her body. *Transcript* at 16. Richmond had no visible injuries and appeared "very calm, very collected," and did not complain of any pain. *Id.* at 17. Richmond told Officer Cyrier that "nothing she can do can physically harm me." *Id.* When Officer Cyrier asked Richmond about Andrea's cell phone, Richmond responded that he had it and pulled it out of his pocket.

[6] As a result of these events, Andrea and Richmond were both arrested. Richmond was subsequently charged with class A misdemeanor domestic battery. Following a bench trial at which he argued that he had acted in self-defense, Richmond was found guilty as charged. Richmond now appeals.

## Discussion

[7] On appeal, Richmond argues that the State presented insufficient evidence to rebut his self-defense claim. The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used

for any claim of insufficient evidence. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the judgment will not be disturbed. *Id.* "A valid claim of self-defense is legal justification for an otherwise criminal act." *Id.*

[8] To prevail on his self-defense claim, Richmond must show that he: (1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear or apprehension of bodily harm. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003); *see also* Ind. Code. § 35-41-3-2. A person who provokes, instigates, or participates willingly in the violence does not act without fault for the purposes of self-defense. *Shoultz v. State*, 995 N.E.2d 647, 660 (Ind. Ct. App. 2013). Additionally, the degree of force used must be proportionate to the requirements of the situation, and a claim of self-defense will fail where a person has used more force than is reasonably necessary to repel an attack. *Weedman v. State*, 21 N.E.3d 873, 892 (Ind. Ct. App. 2014), *trans. denied*.

[9] When a self-defense claim is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Wilson*, 770 N.E.2d at 800. The State may meet its burden by offering evidence directly rebutting the defense, by affirmatively showing that the defendant did not act in self-defense, or by relying upon the sufficiency of the evidence from its case-in-chief. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable

person could say that self-defense was negated beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 801.

[10] Richmond's arguments on appeal are merely requests to reweigh the evidence, judge the credibility of witnesses, and consider evidence unfavorable to the verdict, which we will not do on appeal. At Richmond's trial, the State conceded that Andrea was the initial aggressor because she slapped Richmond in the face when he called her names. After this initial confrontation, however, Andrea left the room to collect their infant son and leave.[1] Richmond pursued her into the baby's room and shoved her into a chair and, when she responded by squeezing his testicles, hit her in the face. When Andrea attempted to leave once more, Richmond pushed her down and choked her. As our Supreme Court has observed, "[a] person claiming self-defense cannot reasonably base a belief that the threat is imminent on the actions of another who has withdrawn from the confrontation." *Henson*, 786 N.E.2d at 278. Moreover, Richmond told Officer Cyrier that "nothing [Andrea] can do can physically harm [him]." *Transcript* at 17. For all of these reasons, it was reasonable for the factfinder to find that Richmond was not in reasonable fear of bodily harm and therefore reject his self-defense claim.

---

[1] Richmond's argument that he was trying to prevent Andrea from leaving with the baby because she was intoxicated is based solely on his own testimony, which the fact finder was in no way obligated to credit. Officer Cyrier testified that no one at the scene appeared to be intoxicated and that neither Andrea nor Richmond smelled like alcoholic beverages.

[11]    Judgment affirmed.

[12]    Bailey, J. and Bradford, J., concur.