## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 09 2017, 7:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tiffany Patton, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | August 9, 2017 <br><br> Court of Appeals Case No. 49A02-1702-CR-287 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Clayton Graham, Judge <br><br> The Honorable Anne Flannelly, Magistrate <br><br> Trial Court Cause No. 49G07-1609-CM-35615 |

**Altice, Judge.**

## Case Summary

[1] Following a bench trial, Tiffany Patton was convicted of Class A misdemeanor battery. Patton now appeals, arguing that the State presented insufficient evidence to rebut her self-defense claim.

[2] We affirm.

## Facts & Procedural History

[3] On September 10, 2016, Patton was involved in a car accident with Anita Cole. After the accident, Patton exited her vehicle, ran up to Cole, called Cole a "bitch," and struck Cole on the left side of her head, causing pain. At no point in the altercation did Cole touch or strike Patton. Patton called 911 after the accident and asked the dispatcher to "hurry up and get somebody out here before I hit [Cole]." *Transcript Vol. II* at 34. Police arrived shortly thereafter, and when Cole told an officer that Patton had slapped her, Patton responded by stating "I didn't hit you that hard." *Id.* at 16. Patton told police that she was upset because Cole had hit her vehicle and did not have insurance and that she had slapped Cole in the face. At no point did Patton claim that she had been threatened, touched, or struck by Cole.

[4] As a result of these events, the State charged Patton with Class A misdemeanor battery. A bench trial was held on January 18, 2017, at the conclusion of which Patton was found guilty as charged. The trial court imposed a one-year

sentence, the entirety of which was suspended to probation. Patton now appeals.

## Discussion & Decision

[5] Patton argues that the State presented insufficient evidence to rebut her self-defense claim. The standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the judgment will not be disturbed. *Id.* "A valid claim of self-defense is legal justification for an otherwise criminal act." *Id.*

[6] To prevail on her self-defense claim, Patton was required to show that she: (1) was in a place where she had a right to be; (2) acted without fault; and (3) was in reasonable fear or apprehension of bodily harm. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003); *see also* Ind. Code. § 35-41-3-2. A person who provokes, instigates, or participates willingly in the violence does not act without fault for the purposes of self-defense. *Shoultz v. State*, 995 N.E.2d 647, 660 (Ind. Ct. App. 2013).

[7] When a self-defense claim is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). The State may meet its burden by offering evidence directly rebutting the defense, by affirmatively showing that

the defendant did not act in self-defense, or by relying upon the sufficiency of the evidence from its case-in-chief. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). If a defendant is convicted despite a claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 800-01.

[8] Patton's arguments are nothing more than requests to reweigh the evidence and judge the credibility of witnesses, which we will not do on appeal. The testimony of Cole and the responding officers amply supports a conclusion that Patton attacked Cole in anger because she believed Cole was at fault for the accident. The fact-finder was in no way obligated to accept Patton's self-serving testimony to the contrary. The evidence presented was more than sufficient to rebut Patton's self-defense claim.

[9] Judgment affirmed.

[10] Baker, J. and Bailey, J., concur.