Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2014, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

**WILLIAM HACKL BRAINARD**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIE HARRISON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1406-CR-401 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1401-FB-33

**December 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On the night of December 31, 2013, Roger Schultz was returning home when a car driven by Appellant-Defendant Willie Harrison attempted to pass on the right but "tapped" Schultz's front fender when doing so. Both vehicles pulled into a parking lot, and Harrison's passenger emerged from his car, started pulling pieces of the bug shield from Schultz's truck and throwing them at the truck, and yelling at Schultz. Harrison brandished a gun and told Schultz that he would blow his head off. Schultz managed to back his truck into another parking lot, where Harrison grazed Schultz's truck with his car. Schultz managed to temporarily evade Harrison and parked behind a building and got out of his truck to assess the damage. Shortly thereafter, Harrison ran his car into Schultz, pinning him between the car and the truck. Schultz's left leg was severely injured and was amputated below the knee two days later. The trial court found Harrison guilty of Class B felony aggravated battery and sentenced him to fourteen years of incarceration to be followed by one year of work release. Harrison appeals, contending that the State failed to produce evidence sufficient to rebut his claim of self-defense. We affirm.

## FACTS AND PROCEDURAL HISTORY

At approximately 10 p.m. on December 31, 2013, Schultz was driving home in his truck on I-465 in Indianapolis. Schultz exited at Washington Street and noticed a black car behind him rapidly switching lanes in order to pass other vehicles. Once on Washington Street, the black car, driven by Harrison, attempted to pass Schultz on the

2

right, but "tapped" the front right fender of Schultz's truck. Tr. p. 14. Schultz followed Harrison's car to a nearby parking lot, intending to exchange information.

In the parking lot, Harrison's passenger, Kaliea Booker, exited Harrison's car; started to tear pieces from the bug shield on Schultz's car and throw them at the windshield; and yelled at Schulz, "you old m***********; learn to drive[.]" Tr. p. 16. Schultz stepped out of his truck and attempted to persuade Booker to stop what she was doing but soon noticed that Harrison was now outside. Harrison was holding a handgun and yelling at Booker to "Get the f*** out of the way." Tr. p. 18. Harrison told Schultz that "he would blow [his] f****** head off." Tr. p. 19. Schultz attempted to reenter his truck and succeeded on the third try, having been prevented twice from doing so by Booker. (Tr. 19-20). Schultz put his truck into reverse and "spun the vehicle into an empty parking lot[,]" at which point Harrison's car "grazed" Schultz's front bumper. Tr. p. 20.

Schultz managed to "t[ake] off out of the parking lot and proceed approximately a block and a half, two blocks behind the old airport deli that is closed at this time." Tr. p. 21. Schultz exited his truck to survey the damage and, approximately thirty seconds later, Harrison drove into the parking lot at approximately forty miles per hour and struck Schultz, pinning him between Harrison's car and Schultz's truck. On January 2, 2014, Schultz's left leg was amputated below the knee due to injuries sustained in the collision.

On January 2, 2014, the State charged Harrison with Class B felony aggravated battery and amended the charge on March 27, 2014. At bench trial, Harrison testified that he followed Schultz in order to learn his license plate number and then intentionally

3

ran into Schultz because he believed Schultz was about to draw a firearm. On April 28, 2014, the trial court found Harrison guilty as charged. On May 25, 2014, the trial court sentenced Harrison to fourteen years of incarceration followed by one year of work release.

## DISCUSSION AND DECISION

### Whether the State Produced Sufficient Evidence to Rebut Harrison's Claim of Self-Defense

Harrison contends that the State failed to rebut his claim that he ran into Schultz in self-defense. A valid claim of self-defense is legal justification for an otherwise criminal act. *Birdsong v. State*, 685 N.E.2d 42, 45 (Ind. 1997). The defense is defined in Indiana Code Section 35-41-3-2(a) (2009): "A person is justified in using reasonable force against another person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force."

When a person raises a claim of self-defense, he is required to show three facts: (1) he was in a place where he had a right to be; (2) he acted without fault; and (3) he had a reasonable fear of death or serious bodily harm. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). Once a person claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt. *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), *trans. denied.* The State may meet this burden by rebutting the defense directly, by affirmatively showing the person did not act in self-defense, or by relying upon the sufficiency of its evidence in chief. *Id.* Whether the State has met its burden is a question of fact for the factfinder. *Id.* The trier of fact is not precluded from

4

finding that a person used unreasonable force simply because the victim was the initial aggressor. *Birdsong*, 685 N.E.2d at 45.

If a person is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Wilson v. State*, 770 N.E.2d 799, 800-01 (Ind. 2002). The standard on appellate review of a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Id.* at 801. We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, the verdict will not be disturbed. *Id.*

At the very least, the State produced enough evidence to rebut the claim that Harrison had a reasonable fear of death or serious bodily injury. According to Schultz's testimony, Schultz was simply standing behind his truck surveying damage when Harrison ran into him with his car at approximately forty miles per hour. In other words, Schultz's testimony does not indicate that he did anything that a reasonable person would consider life-threatening. Although Harrison points to his own testimony that he believed Schultz was about to draw a firearm, the trial court was under no obligation to credit this testimony and apparently did not. Harrison's argument amounts to nothing more than an invitation to reweigh the evidence, one which we decline. The State produced sufficient evidence to rebut Harrison's claim of self-defense.

We affirm the judgment of the trial court.

NAJAM, J., and MATHIAS, J., concur.

5