## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 01 2015, 8:52 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paul Jackson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 1, 2015

Court of Appeals Case No.
49A04-1412-CR-549

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

Trial Court Case No.
49G05-1205-FA-030702

**Mathias, Judge.**

[1]     Paul Jackson ("Jackson") was convicted in Marion Superior Court of Class B felony aggravated battery. Jackson appeals his conviction and argues that the State failed to present sufficient evidence to rebut his claim of self-defense.

[2]     We affirm.

## Facts and Procedural History

[3]     On or about April 27, 2012, Andre Holt and his nephew, Carlton Holt, visited the Sunset Strip Bar in Indianapolis to celebrate Carlton's birthday. They both consumed several alcoholic beverages, and Carlton vomited while they were inside the bar.

[4]     At approximately 2:00 a.m., Andre walked up to the bar, and as he did so, he bumped into Jackson's friend, James Bailey. Andre and Bailey engaged in a heated discussion, and Jackson also became involved in the argument. Security was called over to the bar, and a security guard briefly spoke with Andre.

[5]     A few minutes later, Andre and Carlton left the bar and returned to Andre's van in the parking lot. Jackson and his friends walked outside to the parking lot immediately thereafter. Although Andre did not notice him, Jackson walked over to the area near Andre's van. Jackson did not observe anything threatening, and he returned to his own vehicle.

[6]     After pulling his van out of the parking space, Andre drove toward Jackson's car. Andre saw something "shiny" in Jackson's hand and realized it was a gun. Tr. pp. 43-44. Jackson approached the passenger side of the van where Carlton was sitting. Andre stopped his van and said to Jackson, "I see the gun in your hand, n----r, you don't have to shoot." Tr. p. 57.

[7] As Andre turned his head away from Jackson intending to pull away from the parking lot, Jackson shot him in the neck. At the same time, one of Jackson's friends sprayed mace on Carlton. Andre was unable to move after being shot, and Carlton jumped into his lap to drive the van away from Jackson.

[8] Carlton drove the van to the gas station across the street where he called 911. The gunshot resulted in injury to Andre's spinal cord. Andre endured months of physical therapy before he was able to walk. Tr. p. 48.

[9] On May 11, 2012, Jackson was charged with Class A felony attempted murder and Class B felony aggravated battery. A jury trial was held in February 2014, and the jury found Jackson not guilty of attempted murder. However, the jury could not reach a verdict on the aggravated battery charge.

[10] Jackson later decided to waive jury trial for the aggravated battery charge, and a bench trial was held on September 22, 2014. The trial court found Jackson guilty of Class B felony aggravated battery and sentenced Jackson to ten years with four years suspended to probation. Jackson now appeals.

## Discussion and Decision

[11] Jackson argues that the State failed to present sufficient evidence to rebut his claim of self-defense. "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim." *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). We neither reweigh the evidence nor assess the credibility of the witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We view all

evidence—even if conflicting—and reasonable inferences drawn therefrom in a light most favorable to the conviction. *Id.* We affirm if substantial evidence of probative value supports each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[12] Jackson does not claim that the State failed to prove that he committed aggravated battery[1] but argues that his actions were justified as self-defense. A valid claim of self-defense is legal justification for an otherwise criminal act. *Coleman v. State*, 946 N.E.2d 1160, 1165 (Ind. 2011). "A person is justified in using reasonable force against any other person to protect the person . . . from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c).

[13] To prevail on a self-defense claim, the defendant must show that (s)he (1) was in a place where (s)he had a right to be; (2) acted without fault; and (3) was in reasonable fear or apprehension of bodily harm. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). The State bears the burden of disproving at least one of these elements beyond a reasonable doubt. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). The State may meet this burden by rebutting the defense directly,

---

[1] On the date Jackson committed this offense, Indiana Code section 35-42-2-1.5 provided:

A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes:

(1) serious permanent disfigurement;
(2) protracted loss or impairment of the function of a bodily member or organ; or
(3) the loss of a fetus;

commits aggravated battery, a Class B felony.

by affirmatively showing the person did not act in self-defense or by relying upon the sufficiency of its evidence in chief. *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), *trans. denied*. Whether the State has met its burden is a question of fact for the factfinder. *Id*. If a person is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 800-01.

[14] At trial, the State presented sufficient evidence to rebut Jackson's claim that he had a reasonable fear of death or serious bodily injury. Jackson left the bar just after Andre and Carlton. He then walked over to the area near Andre's van. Jackson did not observe anything threatening, and he returned to his own vehicle. While leaving the parking lot, Andre drove his van toward Jackson's vehicle and saw a gun in Jackson's hand.

[15] Andre spoke to Jackson and told him not to shoot. Jackson was standing close to the front passenger side of the van when he shot Andre in the neck. The only evidence to support Jackson's claim that he feared Andre had a gun is his own self-serving testimony. Moreover, Andre testified that he did not have a gun, and the responding police officers did not find a gun in Andre's van. Jackson's decision to leave the bar immediately after Andre and his close proximity to Andre's van also belies his claim that he feared for his safety.

[16] For all of these reasons, we conclude that the State presented sufficient evidence to rebut Jackson's claim of self-defense. His argument to the contrary is simply

a request to reweigh the evidence and the credibility of the witness, which our court will not do. *See Bailey*, 979 N.E.2d at 135.

[17]    We therefore affirm Jackson's conviction for Class B felony aggravated battery.

May, J., and Robb, J., concur.