## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Cunagin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 23, 2016

Court of Appeals Case No.
49A02-1603-CR-508

Appeal from the Marion Superior Court

The Honorable Linda E. Brown, Judge

The Honorable Allan Reid, Commissioner

Trial Court Cause No.
49G10-1508-CM-30797

**Bailey, Judge.**

# Case Summary

[1] Michael Cunagin ("Cunagin") was convicted of Battery, as a Class A misdemeanor.[1] He now appeals his conviction. We affirm.

# Issues

[2] Cunagin raises two issues for review:

> I.   Whether the evidence is sufficient to support his conviction; and

> II.  Whether the State rebutted his self-defense claim.

# Facts and Procedural History

[3] Cunagin and Ashley Reynolds ("Reynolds") were in a romantic relationship and lived together in Marion County, Indiana. Sometime around August 16, 2015, Cunagin and Reynolds ended their relationship. Following the break up, Cunagin agreed to move out. He signed an agreement removing himself from the lease. Cunagin also agreed to move his belongings out of the residence by August 29, 2015.

[4] On that day, Cunagin was removing his belongings when Reynolds and her sister Ashley Kranning "Kranning" arrived. An argument ensued. As

---

[1] Ind. Code § 35-42-2-1(b)(1) (2015).

Kranning walked to the door, Cunagin slammed the door shut. Kranning opened the door, which swung open. Cunagin then pushed Kranning up against the door. Cunagin held Kranning against the door by placing his hand or forearm against Kranning's neck, causing her pain. Reynolds, who was walking to her bedroom, turned and observed Cunagin yelling at Kranning as he held her against the door. When Reynolds approached Cunagin, he let Kranning go. Someone placed a call to 911 and Officer Jack Tindall ("Officer Tindall") of the Indianapolis Metropolitan Police Department came to the residence. Kranning told Officer Tindall that Cunagin battered her, and Cunagin told Officer Tindall that he pinned Kranning against the door. Officer Tindall observed marks on Kranning's neck.

[5] On August 30, 2015, the State charged Cunagin with Battery, as a Class B misdemeanor.[2] The trial court conducted a bench trial on February 22, 2016 and found Cunagin guilty. Cunagin now appeals.

# Discussion and Decision

## Sufficiency of the Evidence

[6] Cunagin contends there is insufficient evidence to sustain his conviction.

---

[2] I.C. § 35-42-2-1(b)(1) (2015).

[7] When reviewing the sufficiency of the evidence to support a conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Accordingly, "[t]he evidence . . . and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction." *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We affirm the conviction unless "'no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.'" *Drane*, 867 N.E.2d at 146 (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)).

[8] To convict Cunagin of Class B misdemeanor battery, the State was required to prove that Cunagin knowingly or intentionally touched another person in a rude, insolent, or angry manner. I.C. 35-42-2-1(b)(1). Here, the evidence most favorable to the judgment establishes that Cunagin pinned Kranning against a door. Cunagin did so by pushing his hand or forearm against Kranning's neck, causing pain and marks. Here, Cunagin admits he made contact with Kranning but argues that any contact was inadvertent as he attempted to close and lock the door.

[9] Cunagin's argument is essentially a request to reweigh the evidence, which we decline. The evidence is sufficient to support Cunagin's battery conviction.

## Self-defense Claim

[10] Cunagin argues in the alternative that the State failed to rebut his claim of self-defense.

[11] When a defendant challenges the sufficiency of the evidence to rebut a claim of self-defense, the standard of review is the same standard used for any claim of insufficient evidence. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). Thus, we neither reweigh the evidence nor judge the credibility of witnesses. *Id.*

[12] Self-defense is a legal justification for an otherwise criminal act. *Id.* Indiana Code Section 35-41-3-2(c) provides that "[a] person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." To prevail on a claim of self-defense, a defendant must have acted without fault, been in a place where he had a right to be, and been in reasonable fear or apprehension of bodily harm. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). A defendant's belief that he is being threatened with the imminent use of unlawful force must be reasonable and in good faith. *White v. State*, N.E.2d 630, 635 (Ind. 1998). Moreover, a defendant's reaction to that belief must be reasonable based upon the surrounding circumstances. *Id.* A claim of self-defense will fail if the person "'uses more force than is reasonably necessary under the circumstances.'" *Weedman v. State*, 21 N.E.3d 873, 883 (Ind. Ct. App. 2014), *trans. denied* (quoting *Sudberry v. State*, 982 N.E.2d 475, 481 (Ind. Ct. App. 2013)).

[13] When a defendant raises a claim of self-defense, the State has the burden of rebutting at least one of the necessary elements. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). The State may meet its burden by offering evidence directly rebutting the defense, by affirmatively showing that the defendant did

not act in self-defense, or by relying upon the sufficiency of the evidence from its case-in-chief. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). If the defendant is convicted despite a claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the prosecution beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 801-02.

[14] In asserting his self-defense claim, Cunagin testified that Kranning was running toward him and that he believed he was being attacked. He stated that he put his forearm up in a defensive manner to block Kranning. The State, however, presented evidence of a different interaction between Cunagin and Kranning, which the trier of fact was free to accept. Indeed, the evidence favorable to the verdict establishes that Kranning verbally alerted Reynolds that she was entering Reynolds's residence, and Reynolds approved. Cunagin admits he heard Kranning say she was coming inside. **(Tr. 31.)** Then, as Kranning walked to the door, Cunagin slammed the door shut. Kranning opened the door, at which point Cunagin pinned Kranning against the door by her neck.

[15] Based on the State's case-in-chief, it was reasonable for the trier of fact to conclude that Cunagin was not justified in believing that force was necessary to protect himself. Moreover, the State's case-in-chief also supports the reasonable determination that Cunagin's force used in reaction to Kranning's entry— pinning her against the door by her neck, holding her there, and yelling at her— was unreasonable in light of the surrounding circumstances. Thus, Cunagin's challenge to the sufficiency of the evidence fails.

# Conclusion

We find the evidence is sufficient to support the conviction and the State properly negated Cunagin's self-defense claim.

Affirmed.

Riley, J., and Barnes, J., concur.