## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 19 2019, 8:42 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# I N T H E
# COURT OF APPEALS OF INDIANA

Steven P. Wheeler,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 19, 2019

Court of Appeals Case No.
19A-CR-991

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1709-F2-233

**May, Judge.**

[1] Steven P. Wheeler appeals his fifty-two year sentence for Level 3 felony aggravated battery,[1] Level 5 felony possession of a handgun without a license,[2] Level 6 felony criminal organization activity,[3] Level 6 felony criminal recklessness,[4] and being a habitual offender.[5] Wheeler argues his sentence is inappropriate in light of the nature of his offenses and his character. We affirm.

## Facts and Procedural History

[2] Wheeler was the leader of the 2-1 F.A.T.A.L. gang. (Tr. Vol. II at 122.) Wheeler authorized an "honor fight" between Monte Ness and Joseph McAbee, both of whom were members of the gang. (*Id*. at 133.) The fight was to settle a dispute between Ness and McAbee, and the fight was to take place at Richard Voght's home, where Ness lived.

[3] On September 26, 2017, before Wheeler and McAbee arrived at Voght's home, Ness told Voght about the fight. Voght and others in the residence moved to the back porch to wait for Wheeler and his group. When Wheeler came onto the property, Voght noticed Wheeler was carrying a gun. Voght heard a click sound, similar to a round being racked in the chamber of a gun. Voght told

---

[1] Ind. Code § 35-42-2-1.5(1) (2014).

[2] Ind. Code § 35-47-2-1(e)(2)(B) (2017).

[3] Ind. Code § 35-45-9-3(c) (2016).

[4] Ind. Code § 35-42-2-2(b)(1)(A) (2014).

[5] Ind. Code § 35-50-2-8(a) (2017).

Wheeler's group to take any guns off his property. McAbee and Ness began fighting in the street. Some of the people, including Voght's wife, began to gather near the fight. Shortly after the fight began, Ness stopped fighting because McAbee was wearing brass knuckles. Ness fled to the back porch and into the house.

[4] One of the men who arrived with Wheeler ran after Ness. Voght, who was still on the back porch, threw the man from the porch and told everyone to leave. Wheeler then shot his gun into the ground in Voght's direction. Some people in the area fled, but Wheeler's wife attacked Voght's wife and the two began to fight in the street. Wheeler went toward the two women with his gun drawn. Voght saw Wheeler approaching his wife and grabbed a wrench. Voght intercepted Wheeler and swung the wrench at him. Wheeler shot Voght in the shoulder. After shooting Voght, Wheeler and his group fled from the area. Police arrested Wheeler shortly after he fled the scene.

[5] Voght suffered a chipped collar bone, shattered shoulder blade, a bruised lung, and multiple severed nerves and tendons as a result of the gunshot wound. Voght also lost his job as a result of the injury, and he still has a limited range of motion and loss of grip strength.

[6] The State charged Wheeler with Level 3 felony aggravated battery inflicting injury that causes protracted loss or impairment, Level 3 felony aggravated

battery that causes serious permanent disfigurement,[6] Level 5 felony battery with a deadly weapon, Level 5 felony possession of a handgun without a license, Level 5 felony criminal organization activity, and Level 6 felony criminal recklessness. The State also alleged Wheeler was a habitual offender. A jury found Wheeler guilty of Level 3 felony aggravated battery that causes a protracted loss or impairment, Class A misdemeanor possession of a handgun without a license, Level 5 felony criminal organization activity, and Level 6 felony criminal recklessness. Wheeler admitted being a habitual offender. The court imposed an aggregate sentence of fifty-two years.

# Discussion and Decision

[7] Wheeler argues his sentence is inappropriate in light of the nature of his offenses and his character.[7] Our standard for reviewing this issue is well settled.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

---

[6] Ind. Code § 35-42-2-1.5(1) (2014).

[7] Wheeler also alleges the trial court abused its discretion by failing to consider his self-defense as a mitigating factor. However, an "argument must include for each issue a concise statement of the applicable standard of review." Ind. App. R. 46(A)(8)(b). Wheeler failed to provide a standard of review, and therefore the issue is waived. *See Jackson v. State*, 758 N.E.2d 1030, 1037 (Ind. Ct. App. 2001) (argument waived when appellant failed to cite appropriate authority). Waiver notwithstanding, the trial court was not required to consider Wheeler's self-defense claim after the jury rejected it. *See Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000) (the trial court did not abuse its discretion when it chose to not consider the defendant's self-defense argument as mitigator after a jury rejected the claim).

"Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*. "Our review of the sentence should focus on the forest - the aggregate sentence - rather than the trees - consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012).

[8] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). A Level 3 felony is punishable by a fixed term between three and sixteen years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5(b) (2014).

The trial court sentenced Wheeler to fourteen years; thus, he received a sentence between the advisory and maximum sentences for aggravated battery. A Level 5 felony is punishable by a fixed term between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6(b) (2014). The trial court sentenced Wheeler to three years; thus, he received the advisory sentence for possessing a handgun without a license. A Level 6 felony is punishable by a fixed term between six months and two-and-one-half years. Ind. Code § 35-50-2-7(b) (2016). The trial court sentenced Wheeler to two years each for criminal organization activity and criminal recklessness; thus, he received above the advisory sentence but below the maximum for each of those crimes. Wheeler was found to be a habitual offender and, based thereon, the trial court enhanced his sentence for aggravated battery by eighteen years. The trial court ordered the sentences for criminal recklessness and criminal organization activity to be served concurrently, but to run consecutive to his convictions for aggravated battery and possession of a handgun without a license, giving him a total of fifty-two years in prison.

[9] Regarding the nature of the offense, Wheeler's victim suffered serious injuries. Voght suffered nerve damage, lost some of his arm's range of motion, and has reduced grip strength as a result of the shooting. Additionally, Wheeler created this dangerous situation. As the leader of the 2-1 F.A.T.A.L. gang, Wheeler authorized the honor fight and he brought a gun to the fight. Because of Wheeler's recklessness and poor decision making, we cannot hold an aggravated sentence is inappropriate for his offenses. *See Rowe v. State*, 867

N.E.2d 262, 270 (Ind. Ct. App. 2007) (victim's serious injury justified aggravated sentence).

[10] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Wheeler has an extensive criminal history, including a juvenile record.[8] Wheeler is also the leader of the 2-1 F.A.T.A.L. gang. Wheeler regularly uses drugs including alcohol, marijuana, bath salts, heroin, cocaine, methamphetamine, prescription medications, and ecstasy. (App. Vol. II at 207.) Additionally, Wheeler has a propensity for violence, stating he "never walks away from a fight." (*Id.* at 214.)

[11] Given the nature of the offenses, *i.e.*, the severity of Voght's injuries, and the character flaws of the offender, *i.e.*, Wheeler's repeated violation the law, we cannot say Wheeler's sentence is inappropriate. *See Clark v. State*, 26 N.E.3d 615, 619 (Ind. Ct. App. 2014) (defendant's extensive criminal history showed bad character and allowed for aggravated sentence), *trans. denied.*

# Conclusion

---

[8] Wheeler's juvenile record includes adjudication for theft and being a minor in possession of alcohol. Wheeler's adult record includes multiple misdemeanor convictions and felony convictions of: multiple counts of theft, receiving stolen property, possession of methamphetamine, and possession of a syringe.

[12] In light of the nature of Wheeler's offenses and his character, his fifty-two-year sentence is not inappropriate. Accordingly, we affirm.

[13] Affirmed.

Najam, J., and Bailey, J., concur.